**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, | ) ) ) ) |
|  | ) Case No.: |
| and | ) |
|  | ) |
| THE TRUSTEES of the SHEET METAL WORKERS LOCAL N0. 73 PENSION FUND, SHEET METAL WORKERS LOCAL N0. 73  WELFARE FUND; and SHEET METAL WORKERS LOCAL N0. 73 ANNUITY FUND, | ) Judge: ) ) )  Magistrate Judge: ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| STRAIGHT LINE ERECTORS II, INC. | ) |
|  | ) |
| An Illinois Corporation | ) |
|  | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter **"Plaintiff Union"**) and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively **"Plaintiff Funds"**) by and through their attorneys at Gregorio ♦ Marco, P.C., bring the following action against STRAIGHT LINE ERECTORS II, INC. (hereinafter "**Defendant**" or "**Company**").   In support, the Plaintiffs state as follows:

1

## Count I (Audit)

1.    This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq*. (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising thereunder.

2.    The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3.    The Defendant is an employer engaged in the sheet metal industry. Its principle office is located at 7812 West 91st Street, Hickory Hills, Illinois, and is within the Northern District of Illinois.

4.    The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5.    On June 20, 2005, Defendant executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Defendant and the Union adopted the terms of the CBA. The CBA binds Defendant to the terms of the Trust Agreements which created the Plaintiff Funds.

6.    The CBA requires Defendant to contribute to the Plaintiff Funds and binds Defendant to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its

2

bargaining unit employees (hereinafter referred to as "monthly contribution reports"). The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7.   The CBA and Trust Agreements also require the Defendant to submit its book and records to an auditor so that periodic fringe benefit compliance audits can take place to ensure proper fringe benefits are being paid to the Trust Funds.

8.   The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees, and attorneys' fees.

9.   The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all required contributions for the period of January 1, 2014 through December 31, 2016 in the amount of at least $34,528.73 as revealed by fringe benefit compliance audit.

10.  As a result of said breaches, the Defendant is also liable to the Plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

    a.   Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

    b.   Audit fees pursuant to the Trust Agreements; and either

    c.   Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

    d.   Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A.   That the Defendant be ordered to pay all contributions shown to be due as revealed by the audit of Defendant's book and records for the period January 1, 2014 through December 31, 2016.

B.   That the Defendant be ordered to pay the audit fees and attorneys' fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay liquidated damages and interest or double interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

### Count II (Contribution Reports)

11. Plaintiffs reallege and incorporate paragraphs 1-10 of Count I.

12. On June 20, 2005, Defendant executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Defendant and the Union adopted the terms of the CBA. The CBA binds Defendant to the terms of the Trust Agreements which created the Plaintiff Funds.

13. The CBA requires Defendant to contribute to the Plaintiff Funds and binds Defendant to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports"). The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

14. Defendant has breached its obligations under the Trust Agreement and the CBA by failing to submit monthly contribution reports for the months of April 2018 to present.

4

15. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to submit reports or pay contributions, by paying liquidated damages on the whole amount of any contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

16. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

17. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to submit the reports referenced in Count II pursuant 29 U.S.C. §§1132(g)(A), 1145;

B. That Defendant be ordered to pay the amounts owed on the contribution reports referenced in Count II;

C. That the Defendant be ordered to pay interest on any contributions found to be due from the reports referenced in Count II pursuant to 29 U.S.C. §1132(g)(2)(B);

D. That the Defendant be ordered to pay liquidated damages on any delinquent contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);

E. That Defendant be ordered to pay the late assessments found to be due from the

reports referenced in Count II pursuant to 29 U.S.C. §1145.

F.     That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count II pursuant to 29 U.S.C. §1132(g)(2)(D);

G      That Plaintiffs be granted such other relief as the Court deems just and equitable.


Respectfully submitted,
**Sheet Metal Workers Local 73 Benefit Funds**


By:/s/  Grant R. Piechocinski_____
        One of their attorneys

Grant R. Piechocinski
Gregorio ♦ Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343

6